WILLIAM J. BROWN III  SBN#86002
P. O. Box 231216
Encinitas, California  92023-1216
(760) 334-3800
(760) 334-3815 Fax

Attorneys for Plaintiffs
MANUEL A. RAMIREZ, individually and as
Guardian ad Litem for ENRIQUE RAMIREZ CANO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF THE STATE OF CALIFORNIA

MANUEL A. RAMIREZ, individually and
as Guardian ad Litem for ENRIQUE
RAMIREZ CANO,

           Plaintiffs,

      V.

ESCONDIDO UNIFIED SCHOOL
DISTRICT; ANGEL GOTAY; GRACIELA
MINEROA MURGUIA; PATRICIA
ACOSTA; and DOES 1 through 30, inclusive,

           Defendants.

Case No.:  **'11 CV 1823 DMS BGS**

COMPLAINT FOR:

1. Violation of 42 U.S.C. § 1983, et seq.
2. Negligence
3. Intentional Infliction of Emotional Distress
4. Negligent Infliction of Emotional Distress

DEMAND FOR JURY TRIAL

**JURY DEMAND**

    Plaintiffs hereby demand a trial by jury as to all issues triable by a jury.

    COMES NOW Plaintiffs, MANUEL A. RAMIREZ, individually and as Guardian ad Litem for his son, ENRIQUE RAMIREZ CANO,  who allege:

1

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1983, ET SEQ.

1.       Plaintiffs Manuel Ramirez (hereinafter "Plaintiff") and his son, Enrique Ramirez Cano (hereinafter "ERC") at all times mentioned herein resided at 31908 Del Cielo Este #10B, Bonsall, CA 92003.  Federal jurisdiction is based on 42 U.S.C. § 1983, et seq., 28 U.S.C. 1331, and 28 U.S.C. 1343.

2.       Defendant Escondido Unified School district is a governmental entity, school district, located at 2310 Aldergrove Avenue, Escondido, CA 92029. Farr Avenue Elementary School is part of the Escondido Unified School District, where Plaintiff's son, ERC, was attending school, and where Defendants Gotay, Murguia, and Acosta were employed in positions of authority. The individual Defendants are, as a matter of law, governmental agents and at all times herein were acting in both their personal and official capacities a such agents.

3.       Defendants Angel Gotay, Graciela Mineroa Mruguia, Patricia Acosta were respectively the principal, the office manager, and the office clerk at Farr Elementary School.

4.       Plaintiffs are informed and believe and based thereon allege that each of the Defendants sued herein as DOES 1 through 30, inclusive, were, at all times alleged herein, agents, employees, servants, co-conspirators, and/or co-workers of the named Defendants, and in committing the wrongful acts, as alleged herein, were acting in the course and scope of such agency, employment, servitude, conspiracy and/or co-employment of said Defendant.  Each Defendant has ratified and approved the acts of his agent or employee.

5.       That the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 30, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs are informed and believe and based thereon allege that each of the Defendants designated herein as a DOE is legally

2

responsible in some manner for the events and happenings referred to herein, and legally caused injury and damages proximately thereby to Plaintiffs as alleged herein.

6.      At all times mentioned herein Defendants, and each of them, were aware that ERC, Plaintiff's son, was living with Plaintiff at said residence, in Mr. Ramirez's care, custody and control, and that Plaintiff brought his son, ERC, to school where, under the facts and law, the named Defendants had total care, custody and control of ERC as a student during school hours, until Plaintiff picked him up from his classroom at Farr Elementary School at the conclusion of the school day. Said Defendants were also aware that ERC's mother was no longer residing in the County of San Diego, in the State of California, or in this country.

7.      On or about 12/6/2010, Defendants, with knowledge of Plaintiff's primacy as the caregiver for ERC, during the middle of the school day, aided and abetted the kidnapping of ERC by a felon who was neither a relative or a person named on the list of persons pre-authorized to pick ERC up at the end of the school day, and who illegally took ERC, a citizen of the United States, into Mexico. This was done by Defendants without Plaintiff's knowledge or consent, under the color of authority over ERC as a minor child attending school, in intentional derogation of Plaintiff's parental rights, and ERC's rights to live with his father in a safe, secure, stable environment,  and in intentional violation of 42 U.S.C. § 1983, et seq., in that it violated Plaintiff's rights and ERC's  rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution. These actions were authorized and/or ratified by Defendants Gotay and Murguia.

8.      Defendants, and each of them, in their personal and official capacities, committed these acts in question.

9.      As a legal result of these intentional violations of 42 U.S.C. § 1983, et seq.,
Plaintiff has suffered the, so far, permanent deprivation of the son, ERC, who was residing with
him at the time of the kidnapping. Plaintiff has suffered severe emotional distress in the form of
anxiety, anger, depression, frustration, sleeplessness, hopelessness and despair because he is
being intentionally deprived of all knowledge and contact with his son, ERC, as well as the daily
interaction between a loving father and his son (ie: care, comfort and society), who is being
secreted somewhere in Baja California. Likewise, ERC has suffered the same scope and type of
emotional distress as set forth in Paragraph 9, P.3:27 – P.4:6 of this Complaint.

10.     As a further legal result of the above-named Defendants, and each of their actions,
Plaintiffs will incur costs and attorneys fees.

11.     The actions of the named individual Defendants, and each of them, were
intentional, unjustified, reprehensible, and a breach of any concept of trust, and as such they are
oppressive, malicious, and fraudulent, authorized and ratified by Defendants Gotay and Murguia,
which entitles Plaintiff to the imposition of punitive damages to punish Defendants and to deter
such future despicable acts.


**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR NEGLIGENCE**

12.     Plaintiff refers to paragraphs 1 through 8, inclusive, of the First Cause of Action
and incorporates those paragraphs as though set forth fully at length herein.

13.     Defendants had a system to ensure that minor children placed, in law and in fact,
in their care, custody, and control were not allowed to be removed from the school grounds when
the school day concluded. This was a list of pre-approved persons for such purposes.

4

14.     Defendants, and each of them, negligently failed to abide by this system, negligently failed to ascertain the identity of the person who called in and claimed that ERC had a mid-day doctor's appointment, negligently released a child to a felon on the say-so of some mystery voice on a telephone, negligently failed to obtain the name of ERC's physician and whether he, in fact, had a doctor's appointment that day, despite knowing that Plaintiffs was the person with whom ERC resided, dropped him off and picked him up after school, negligently failed to contact Plaintiff to obtain his consent, negligently failed to ever notify Plaintiff that his son was turned over to a stranger, negligently failed when ERC did not return from his alleged doctor's appointment to follow up, inquire about his whereabouts, or notify his father. Said Defendants' negligently checked the stranger's background before giving him Plaintiff's son, ERC, so he could be stolen and taken to Mexico against the will of the parent in control, Plaintiff Manuel A. Ramirez.

15.     Plaintiff Manuel A. Ramirez timely filed a government tort claim as to his common law causes of action, which was denied by Defendant Escondido Union School District on 2/23/2011.

16.     As a legal result of this negligence, Plaintiff, Manuel A. Ramirez has suffered the, so far, permanent deprivation of the son, ERC, who was residing with him at the time of the kidnapping. Both Plaintiffs have suffered severe emotional distress in the form of anxiety, anger, depression, frustration, sleeplessness, hopelessness and despair because he is being intentionally deprived of all knowledge and contact with each other, as well as the daily interaction between a loving father and his son (ie: care, comfort and society), who is being secreted somewhere in Baja California.

COMPLAINT FOR DAMAGES

17.     As a further legal result of Defendants' actions, Plaintiffs will incur costs and attorneys fees.

## THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

18.     Plaintiff refers to paragraphs 1 through 8, inclusive, of the First Cause of Action and incorporates those paragraphs as though set forth fully at length herein.

19.     Defendants intentionally disregarded their higher standard of trust, honestyand consequent fiduciary duties as to those in their physical care, custody and control, including Plaintiff's son, ERC,  intentionally discriminated against Plaintiff's parental rights as a father raising his son in his home, and intentionally refused to contact Plaintiff for his consent or to inform him of the verbal telephonic request, while turning Plaintiff's son, ERC over to a felon, intentionally aiding and abetting the kidnapping of a minor child, a United States citizen to a foreign country.

20.     These actions were cruel, outrageous, oppressive, and designed to and known to cause Plaintiff severe and substantial emotional distress, which has manifested in physical discomfort, pain and suffering to him. Defendants intentionally, in order to deceive Plaintiff and frustrate his constitutionally protected parental rights, lied to him about the phone number and location of origin of the alleged mother's call.

21.     As a legal result of Defendants, and each of their intentional infliction of emotional distress, Plaintiff has suffered the, so far, permanent deprivation of the son, ERC who was residing with him at the time of the kidnapping. Both Plaintiffs have suffered severe emotional distress in the form of anxiety, anger, depression, frustration, sleeplessness,

6

hopelessness and despair because he is being intentionally deprived of all knowledge and contact with each other, as well as the daily interaction between a loving father and his son (ie: care, comfort and society), who is being secreted somewhere in Baja California.

22.     As a further legal result of Defendants' actions, Plaintiffs will incur costs and attorneys fees.

23.     The actions of the individual Defendants, and each of them, were intentional, unjustified, reprehensible, and a breach of any concept of trust, and as such they are oppressive, malicious, and fraudulent, authorized and ratified by Defendants Gotay and Murguia, which entitles Plaintiff to the imposition of punitive damages to punish Defendants and to deter such future despicable acts.

## FOURTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24.     Plaintiff refers to paragraphs 1 through 8, inclusive, of the First Cause of Action and incorporates those paragraphs as though set forth fully at length herein.

25.     Plaintiff refers to paragraph 14 of the Second Cause of Action and incorporates that paragraph as though set forth fully at length herein.

26.     Plaintiff, when he went to pick up his son ERC, was personally present when he fruitlessly and frantically searched for Enrique, only to then eventually be told that "Gee, he never returned from his doctor's appointment." When Plaintiff asked what doctor appointment Defendants were talking about, he was met with clueless indifference by his son's teacher. This was the first time that Plaintiff learned Defendants had intentionally relinquished his son, ERC to a stranger without his knowledge or consent.

7

27.     As a legal result of Defendants, and each of their negligent infliction of emotional distress, Plaintiff has suffered the, so far, permanent deprivation of his son, ERC, who was residing with him at the time of the kidnapping. Both Plaintiffs have suffered severe emotional distress in the form of anxiety, anger, depression, frustration, sleeplessness, hopelessness and despair because he is being intentionally deprived of all knowledge and contact with each other, as well as the daily interaction between a loving father and his son (ie: care, comfort and society), who is being secreted somewhere in Baja California.

28.     As a further legal result of Defendants' actions, Plaintiffs will incur costs and attorneys fees.

WHEREFORE, Plaintiffs  pray as follows:

1.     For general damages in at least the sum of $1.5 million;

2.     For special damages according to proof;

3.     For punitive damages in a sum necessary to punish Defendants, and to make example of the individual Defendants only;

4.     For attorneys fees; and

5.     For such other and further relief as the Court deems just.

**PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL ISSUES TRIABLE BY A JURY.**

DATED: August 5, 2011

William J. Brown, III
Attorneys for Plaintiff
MANUEL A. RAMIREZ

8

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Manuel A. Ramirez, individually and as Guardian ad Litem for Enrique Ramirez Cano

## DEFENDANTS

Escondido Unified School District; Angel Gotay; Graciela Minerva Murguia; Patricia Acosta; and Does 1 through 30,

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

William J. Brown III, P. O. Box 231216, Encinitas, CA 92023-1216
(760) 672-0084

Attorneys (If Known)

**'11 CV 1823 DMS BGS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. sec. 1983, et seq.

Brief description of cause:
Defendants aided and abetted the kidnapping of Enrique Cano to Mexico while in their care at school

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  1,500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____