1
2
3
4
5
6
7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11
12
13
14
15

| | |
|---|---|
| MANUEL A. RAMIREZ, *et al.*, | Case No. 11cv1823 DMS (BGS) |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| ESCONDIDO UNIFIED SCHOOL DISTRICT *et al.*, | |
| Defendants. | |

16
17
18

In this civil rights and tort action by a parent against a school district, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs opposed the motion and Defendants replied. For the reasons which follow, Defendants' motion is **DENIED**.

19
20
21
22
23
24
25
26
27
28

According to the Second Amended Complaint, Plaintiff Manuel Ramirez is Plaintiff Enrique Ramirez Cano's ("Enrique") father. Enrique lived with Mr. Ramirez in his care, custody and control. He was a student at Farr Avenue Elementary School, and was taken to school and picked up by Mr. Ramirez. Plaintiffs allege Defendants knew Enrique's mother was no longer residing in the United States at the relevant time. On or about December 6, 2010, Defendants allegedly received an international call indicating Enrique would be picked up in the middle of the school day for a non-emergency doctor's appointment. Defendants did not seek Mr. Ramirez' permission or inform him of the request, but released Enrique to a person who was not a relative and was not authorized to pick him up from school. Mr. Ramirez has not seen Enrique since then, and believes he is being secreted in Mexico.

Mr. Ramirez on his own behalf and as Enrique's guardian *ad litem* filed this action alleging violation of their constitutional rights under 42 U.S.C. Section 1983, negligence, and intentional infliction of emotional distress against Escondido Unified School District, Angel Gotay, the principal of Farr Avenue Elementary School, Graciela Mineroa Murguia, the school's office manager, and Patricia Acosta, its office clerk. The Court has federal question jurisdiction over the civil rights claim pursuant to 28 U.S.C. Section 1331 and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. Section 1367.

Defendants argue Plaintiffs cannot state a claim under Rule 12(b)(6) for any of their causes of action. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041. Defendants seek dismissal of all claims based on both grounds.

### Violation of 42 U.S.C. Section 1983

To state a claim for violation of constitutional rights under 42 U.S.C. Section 1983, a plaintiff has to allege two elements: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege or immunity conferred by the Constitution or the laws of the United States. 42 U.S.C. §1983; *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). This claim is asserted by both Plaintiffs against individual Defendants only.

Defendants initially suggest they were not state actors, however, public school officials have been repeatedly found to be state actors. *See, e.g., New Jersey v. T.L.O.*, 469 U.S. 325, 336 (1985); *The People v. William G.*, 40 Cal.3d 550, 559-61 (1985).

Defendants further argue in general terms that the complaint does not state a claim for a constitutional violation.  The Court disagrees.

> The substantive due process right to family integrity or to familial association is well established.  A parent has a fundamental liberty interest in companionship with his or her child.  A state may not interfere with this liberty interest, and indeed the violation of the right to family integrity is subject to remedy under § 1983.  To amount to a violation of substantive due process, however, the harmful conduct must shock the conscience or offend the community's sense of fair play and decency.

*Rosenbaum v. Washoe County*, 663 F.3d 1071, 1079 (9th Cir. 2011) (internal quotation marks, brackets and citations omitted); *see also Kelson v. City of Springfield*, 767 F.2d 651 (9th Cir. 1985).  Defendants' argument is twofold.  First, they maintain the constitutional claim is not alleged with sufficient specificity, and second, that the facts as alleged do not rise to the level of a constitutional violation.

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  In this regard, factual allegations in the complaint must provide fair notice of the nature of the claim and grounds on which the claim rests.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).  "[A] complaint must contain sufficient factual matter to state a facially plausible claim to relief."  *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 556.  However, the complaint need not include the facts necessary to carry the plaintiff's burden, *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), *rev'd on other grounds*, __ U.S. __, 131 S. Ct. 2074 (2011), or detailed factual allegations, *Twombly*, 550 U.S. at 555.

As alleged in the complaint, Defendants ignored the school's procedures for releasing students to authorized persons.  On or about December 6, 2010, they improperly identified an out-of-country caller to give permission to deliver Enrique to someone for a non-emergency doctor's appointment.[1]

---

[1]     To the extent Defendants argue the caller was Enrique's mother, this is not alleged in the complaint and therefore cannot be considered on a motion to dismiss under Rule 12(b)(6).  *See Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *see also* Fed. R. Civ. Proc. 12(d).  In their allegations, Plaintiffs dispute the caller was Enrique's mother.  (*See* Compl. at 12 (Defendants "lied to him about the phone number and location of origin of the alleged mother's

1    None of the Defendants verified whether Enrique had a doctor's appointment or asked the caller for

2    the doctor's name.  Ms. Murguia instructed Enrique's teacher to deliver him to the office to be picked

3    up.  Defendants then turned Enrique over to a felon who was not included in the list of persons

4    authorized to pick him up from school and who was not a relative.  Prior to turning Enrique over to

5    the unauthorized person, Mses. Murguia and Acosta did not seek Mr. Ramirez' consent and did not

6    notify him at any time, even after Enrique was not returned to school.  Mr. Gotay failed to supervise

7    Mses. Murguia and Acosta, and failed to enforce the school's procedures.  After Enrique was not

8    returned to school and Mr. Ramirez was looking for him, Mr. Gotay and other Defendants engaged

9    in a cover up.  Mr. Ramirez has not seen Enrique since the incident.  (*See* Compl. at 5, 6-7 & 9.)

10        Based on the foregoing, Plaintiffs' allegations are sufficiently specific to meet the notice

11   pleading requirements after *Iqbal*.  Furthermore, Defendants do not contend that the alleged conduct

12   fails to meet the "shock the conscience or offend the community's sense of fair play and decency"

13   standard, *see Rosenbaum*, 663 F.3d at 1079, or that the right does not apply to both Plaintiffs.  (*See*

14   Mot. at 8-9.) Defendants have presented no authority or argument sufficient to conclude that Plaintiffs

15   failed to allege a constitutional violation.

16        Next, Defendants maintain they are immune from liability for constitutional violations.  The

17   Eleventh Amendment of the United States Constitution bars suits for damages or injunctive relief

18   against a state or an arm of the state.  *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000).  Section

19   1983 does not abrogate this immunity because a state is not a "person" for purposes of section 1983.

20   *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 62 (1989).  In California, school districts are

21   considered an arm of the state for purposes of the Eleventh Amendment.  *See Belanger v. Madera*

22   *Unified Sch. Dist.*, 963 F.2d 248 (9th Cir. 1992).  The Eleventh Amendment also prohibits damage

23   actions against state officials acting in their official capacities.  *Will*, 491 U.S. at 71 n.10.  However,

24   it does not bar damage actions against state officials in their individual capacities.  *Hafer v. Melo*, 502

25   U.S. 21, 31 (1991).

26        Plaintiffs allege their constitutional claim against individual Defendants in their official and

27   individual capacities.  (Compl. at 2.)  "Personal-capacity suits . . . seek to impose individual liability

28   call.").)  The issue of the caller's identity can be addressed at the summary judgment stage.

upon a government officer for actions taken under color of state law.  Thus, on the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."  *Hafer*, 502 U.S. at 25 (internal quotation marks, brackets and citations omitted).  Defendants' argument that individual Defendants acted only in their respective official capacities is expressly precluded by *Hafer*.  *See* 502 U.S. at 27-28.  What matters is not the capacity in which individual defendants acted, but the capacity in which they are sued.  *Id.* at 26-27.  Courts may presume "that officials necessarily are sued in their personal capacities where those officials are named in a complaint, even if the complaint does not explicitly mention the capacity in which they are sued."  *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir.), *cert. denied*, 120 S. Ct. 55 (1999) (citation omitted).  The Eleventh Amendment therefore does not bar the constitutional claim against individual Defendants in their personal capacities.

Finally, Defendants contend the constitutional claim should be dismissed based on qualified immunity.  A Rule 12(b)(6) dismissal on qualified immunity grounds is not appropriate unless the Court can determine, based on the complaint itself, that qualified immunity applies.  *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001).

> The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. . . . [¶] . . . First, a court must decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right.  Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.  Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

*Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks and citations omitted).  As discussed above, Defendants have not cited any legal authority or presented any argument to show that the alleged facts fail to meet the substantive due process standard.  (*See* Mot. at 8-9.)  The first part of the inquiry therefore does not bar Plaintiffs' claim.

As to the second part, "[a] Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  *Al-Kidd*, 131

1  S.Ct. at 2083 (internal quotation marks, brackets and citations omitted).  This does "not require a case

2  directly on point, but existing precedent must have placed the statutory or constitutional question

3  beyond debate."  *Id*.

4      Based on the allegations, Defendants were irresponsible in the exercise of their official powers.

5  The substantive due process right to family integrity or familial association was well established at

6  the time of the December 6, 2010 incident.  *See Kelson*, 767 F.2d 651.  Furthermore, in the public

7  school setting, where school officials are directly in charge of children and their environs, they have

8  a duty to enforce the rules and regulations necessary for protection of the children.  *William G.*, 40

9  Cal.3d at 563, 566 n.16.  Farr Avenue Elementary School had a policy and procedure to ensure

10 students were not removed from school grounds by unauthorized persons, which Defendants allegedly

11 failed to follow.  (Compl. at 6, 9.)  Under these circumstances, it would be clear to a reasonable school

12 official that turning over a student to an unauthorized person without seeking a parent's permission

13 would create a substantial risk of abduction, and that failure to follow the school's policy would

14 violate Plaintiffs' right to family integrity or familial association.

15                         **Negligence**

16      To state a claim for negligence, a plaintiff must allege "that defendant owed [him] a legal duty,

17 that defendant[] breached that duty, and that the breach proximately caused [plaintiff's] injuries."

18 *Wiener v. Southcoast Childcare Ctrs.*, 32 Cal.4th 1138, 1145 (2004).  To the extent Defendants argue

19 the negligence claim should be dismissed because Plaintiffs' allegations lack sufficient specificity to

20 determine which conduct was negligent, the contention is rejected for the reasons discussed above.

21 Defendants also contend the negligence claim should be dismissed because Defendants owed no duty

22 to either Plaintiff.  The Court disagrees.

23      "California law has long imposed on school authorities a duty to supervise at all times the

24 conduct of the children on the school grounds and to enforce those rules and regulations necessary for

25 their protection."  *William G.*, 40 Cal.3d at 566 n.16 (internal quotation marks and citations omitted).

26 It is beyond dispute that this duty is owed to students.  *See Martin v. United States*, 984 F.2d 1033,

27 1036 (9th Cir. 1993)(applying Cal. law).

28

Although a school's duty owed to parents is limited under California law, *see Martin*, 984 F.2d at 1036-37 & *Steven F. v. Anaheim Union High Sch. Dist.*, 112 Cal. App. 4th 904 (2004), Plaintiffs' allegations meet the standard.  For example, a parent can recover damages for negligent infliction of emotional distress arising from the school officials' negligence when the parent is a direct victim of the negligence or when the conduct was outrageous.  *Steven F.*, 112 Cal. App. 4th at 912, 914-15 (discussing *Phyllis P. v. Super. Ct. (Claremont Unif. Sch. Dist.)*, 183 Cal. App. 3d 1193 (1986)).  According to the complaint, the school had a policy to protect the children from abduction, but did not follow it.  Furthermore, when Enrique was not returned to school after his appointment, the school did not notify Mr. Ramirez, but allegedly engaged in a cover up when he tried to find his son.  These facts are sufficient at the pleading stage to establish that Defendants' failure to inform Mr. Ramirez was directed at him.  *See Phyllis P.*, 183 Cal. App. 3d at 1197.  Alternatively, "[a] defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal.4th 1035, 1050-51 (2009) (internal quotation marks and citations omitted).  Plaintiffs allege that due to Defendants' negligence, Enrique was kidnaped and Defendants attempted to cover it up when Mr. Ramirez tried to find him.  (Compl. at 5 & 7.)  At the pleading stage, these allegations sufficiently state a claim premised on outrageous conduct by elementary school officials.

### Intentional Infliction of Emotional Distress

A claim for intentional infliction of emotional distress "exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes*, 46 Cal.4th at 1050 (internal quotation marks and citations omitted).  Defendants argue this claim should be dismissed because their conduct was not directed at Mr. Ramirez and was not sufficiently outrageous.  For the reasons discussed above, these arguments are rejected.

1    For the foregoing reasons, Defendants' motion to dismiss is **DENIED**.

2    **IT IS SO ORDERED.**

3

4    DATED:  February 29, 2012

5    _____

6    HON. DANA M. SABRAW
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28